## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS

GEORGE MORRIS, individually and on behalf
of a class of all persons and entities similarly
situated,

        Plaintiff

vs.

PLATTFORM ADVERTISING, INC.

        Defendant

Case No. _____

JURY DEMANDED
CLASS ACTION COMPLAINT

## PLAINTIFF'S CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff George Morris ("Plaintiff" or "Mr. Morris") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of  "any call (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded

voice … to any telephone number assigned to a … cellular telephone service[.]"

3.   Defendant Plattform Advertising, Inc. ("Defendant" or "Plattform") robocalled

Plaintiff's cell phone.  Unsure who the calling party was, Plaintiff answered his cellular

telephone.  Instead of being greeted on the other end by a caller, Plaintiff heard a

distinctive click and a pause before a pre-recorded message was played.

4.   After the pre-recorded message was finished, the Plaintiff was transferred to a

second interactive recording where pre-recorded prompts were played in response to his

answers.  It was only after that interaction that the Plaintiff was transferred to a live person.

Because Plaintiff had not given his consent to receive calls from Plattform, this call

violated the TCPA.

5.   Plaintiff's cellular telephone number was also listed on the national Do Not

Call Registry, a list explicitly designed to protect the public from these kind of intrusive

telemarketing calls.  Because Defendant made at least two of these robocalls to Plaintiff,

Defendant violated the Do Not Call Registry laws and regulations.

6.   This is the exact scenario Congress attempted to prevent in enacting the TCPA.

Plaintiff now seeks this court's intervention and help in attempting to prohibit this unlawful

conduct.

7.     Because the calls were transmitted using technology capable of generating

hundreds of thousands of telemarketing calls per day, and because telemarketing

campaigns generally place calls to hundreds of thousands or even millions of potential

customers *en masse*, Mr. Morris brings this action on behalf of a proposed nationwide

class of other persons who received illegal telemarketing calls from or on behalf of Plattform Advertising.

8.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

9.      Plaintiff George Morris is a resident of the State of Texas and this district.

10.     Defendant Plattform Advertising, Inc. is a Kansas corporation that solicits customers in the State of Texas.

## Jurisdiction & Venue

11.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12.     Venue is proper because the Plaintiff is a resident of this District.

## The Telephone Consumer Protection Act

13.     Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of autodialers to clog telephone lines with unwanted calls, "robocalls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

14.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

15.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

### The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express consent

16.     The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

17.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

18.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

19.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

### The TCPA bans autodialer calls to cell phones

20.     The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

21.     The TCPA bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service unless prior express consent has been given.  *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

### The TCPA imposes vicarious liability on third-parties who do not physically dial the calls

22.     Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Sections 227(b) and 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did.  *In re Joint Pet. filed by Dish Network*, *LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

23.     A seller is liable under Sections 227(b) and (c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

24.     Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

a.     Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including . . . access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information."

b.     Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems[.]"

c.     Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark[.]";

d.     Whether "the seller approved, wrote or reviewed the outside entity's telemarketing scripts."; and

e.     "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct."

*Id.* ¶ 46.

## Factual Allegations

### *Plattform Advertising places telemarketing calls to the Plaintiff*

25.     On February 15, 2013, the Plaintiff received a phone call from a telemarketing representative calling from Plattform Advertising ("February 15, 2013 Call").

26.     The number displayed on the Plaintiff's caller ID for the February 15, 2013 Call was 682-730-0517.

27.     When the call connected, there was an audible click from the receiver. After a pause, a pre-recorded message played purporting to be contacting Mr. Morris regarding a job search survey.

28.     The facts in the preceding paragraph indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

29.     Mr. Morris had not filled out any survey.

30.     The "job search survey" pre-recorded message was used to attract potentially interested consumers so the Defendant's telemarketing representatives could advertise their goods or services using an interactive voice recorded script as well as by placing their telemarketing representatives on the line.

31.     On June 7, 2013, the Plaintiff received a second telemarketing call from a telemarketing representative calling from Plattform Advertising ("June 7, 2013 Call").

32.     The number displayed on the Plaintiff's caller ID for the June 7, 2013 Call was 406-559-2030.

33.     When the call connected, there was an audible click from the receiver. After a pause, a pre-recorded message played purporting to be contacting Mr. Morris regarding job placement.

34.     Both of these facts indicate the use of an automatic telephone dialing system to make the calls.

35.     The pre-recorded message was used to attract potentially interested consumers so the Defendant's telemarketing representatives could further advertise their goods or services using an interactive voice recorded script as well as by placing their telemarketing representatives on the line.

36.     Both calls were placed through an automatic telephone dialing system. Both calls were placed without the Plaintiff's prior express consent.

37.     Plaintiff is not a customer of Defendant, and has not provided Defendant with his personal information or cellular telephone number.

38.     Both calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry.

39.     Upon information and belief, other calls were placed by Defendant or its agent to the Plaintiff including a June 6, 2013 call from the caller ID 303-000-1150.

## Class Action Allegations

40.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

41.     The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers

were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Plattform Advertising.

42.     The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States who Plattform Advertising directly, or through its agents, called using a pre-recorded message, and with respect to whom Defendant does not have evidence of prior consent of the called party.

a.   The sub-class (or a third class) of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States who Plattform Advertising directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendant does not have evidence of prior express consent of the called party.

43.     The classes as defined above are identifiable through phone records and phone number databases.

44.     The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

45.     Plaintiff is a member of the classes.

46.     There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

a.     Whether Plattform Advertising violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls;

b.     Whether Plattform Advertising or its agents, within the four years before the filing of the initial Complaint, made more than one telemarketing call within

any twelve-month period to individuals whose telephone number were registered on the Do Not Call Registry.

   c. Whether Plattform Advertising placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

   d. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Defendant's actions.

47. Plaintiff's claims are typical of the claims of class members.

48. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. The actions of Plattform Advertising are generally applicable to the class as a whole and to Plaintiff.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

51. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:
### Violation of the TCPA's Do Not Call provisions

53.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.     The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

55.     The Defendant's violations were negligent and/or knowing.

### Count Two:
### Violation of the TCPA's provisions prohibiting
### autodialer and prerecorded message calls to cell phones

56.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57.     The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service without prior express consent, or (b) the fact that others caused the initiation of those calls on its behalf.  *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

58.     The Defendant's violations were negligent and/or knowing.

### Count Three:
### Injunctive relief to bar future TCPA violations

59.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60.     The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

61.     The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1.     That Plattform Advertising be restrained from engaging in future telemarketing in violation of the TCPA.

2.     That Plattform Advertising, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.     That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4.     That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

5.     That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff George Morris,
By Counsel

/s/ Chris Miltenberger
Chris Miltenberger
Texas State Bar No. 14171200
Law Office of Chris R. Miltenberger, PLLC
1340 N. White Chapel Blvd., Suite 100
Southlake, TX 76092
(817) 416-5060
(817) 416-5062 (fax)
chris@cmlawpractice.com
Designated as Lead Attorney pursuant to Local Rule CV-11(b)

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*