## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| GEORGE MORRIS, individually and on behalf of a class of all persons and entities similarly situated,<br><br>                    Plaintiff,<br>vs.<br><br>PLATTFORM ADVERTISING, INC.<br><br>                    Defendant. | Case No. 4:13-cv-00703-RAS-DDB |

### DEFENDANT PLATTFORM ADVERTISING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES

The Federal Rules of Civil Procedure require that Plaintiff, as the objecting party, show that relevant information requested is not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B). Plaintiff has failed to do so. His primary arguments arise from the misguided assertions that the evidence PlattForm seeks is irrelevant and overly broad, even though Plaintiff concedes that consent is a valid affirmative defense. In reality, the evidence PlattForm seeks is directly relevant and is, thus, discoverable. Further, PlattForm has proposed an inspection protocol that will avoid Plaintiff's privacy and privilege concerns and will minimize any burden on Plaintiff.  Finally, the evidence is not available elsewhere, and, thus, its absence would greatly prejudice PlattForm. For these reasons, the Court should grant PlattForm's Motion to Compel. [1]

### ARGUMENT

Although Plaintiff argues otherwise, discovery need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance for

---

[1] In his response Plaintiff attempts to minimize the issue of whether the lengthy incoming call that he describes in his Complaint was actually an outgoing call. Pl.'s Resp. to Mot. to Compel (Dkt. 47)("Pl.'s Resp.") at 14. Plaintiff's entire case turns on this issue.  While space constraints prevent PlattForm from addressing this issue here, PlattForm intends to address it in a separate filing.

discovery purposes is much broader than relevance for trial purposes. *MacLean v. McCarroll*, 2009 U.S. Dist. LEXIS 47476, at *4 (E.D. Tex. June 5, 2009). Discovery should ordinarily be allowed unless it is clear that the information sought has *no possible bearing* on the subject matter of the action. *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 2001 U.S. Dist. LEXIS 25204, at *7 (S.D. Fla. Nov. 1, 2001) (citing *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984) and *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 138 (W.D. Okla. 1977)). The evidence PlattForm seeks meets such criteria. Information regarding Plaintiff's consent is essential to the claims and defenses in this case. It is also relevant to whether Plaintiff is an adequate and typical member of the class he seeks to represent.  Because the information sought is undeniably relevant and because there is no alternative method of obtaining this information, this Court should compel inspection of Plaintiff's electronic devices pursuant to the protocol proposed.

### A.      Inspection of Plaintiff's devices is relevant to the issue of consent.

Plaintiff has voluntarily brought a putative class action lawsuit against PlattForm, seeking enormous damages for himself and a proposed class, based on a telephone call that PlattForm did not make.[2] PlattForm intends to establish that it is not liable for the call Interface made, but, in addition, has good cause to believe Plaintiff consented to that call. Def.'s Mot to Compel (Dkt. 46)("Def.'s Mot.") at 2. PlattForm is entitled to discover the nature and breadth of that consent.

Plaintiff concedes that consent is a valid affirmative defense, Pl.'s Resp. at 2-3, and, importantly, does not argue that he did not consent. Rather, Plaintiff mistakenly argues that

---

[2] While Plaintiff's response repeatedly echoes his mantra that PlattForm made the calls, there can be no doubt that Plaintiff recognizes that he is advancing a fact that is not true.  Plaintiff's own motions to compel plainly indicates that he recognizes that PlattForm did not place calls – Interface Technologies, Inc. ("Interface") did: "Interface placed a Robo-Call to the Plaintiff." Pl.'s Mot. to Compel (Dkt 28.) at 4.  Moreover, Plaintiff admits in his discovery responses that PlattForm did not initiate the call at issue. Pls.' Resp. to Requests for Admission at 1-2 attached as Exhibit A.  Plaintiff's desire to avoid having his electronic devices inspected for evidence of a critical defense that would extinguish his case cannot justify his assertion of a fact he knows to be untrue.

PlattForm needs to have identified the consent prior to the inspection, as if it had made the call itself, and that the consent needs to have been specifically tailored to PlattForm. Pl's Resp. at 4-7. Such assertions, however, are untimely and incorrect.

As an initial matter, legal argument about what constitutes proper consent is not appropriate at this juncture. PlattForm does not control Interface and, as such, cannot access any consent Plaintiff gave to Interface. Def.'s Mot. at 3-4. The parties cannot discuss the sufficiency of the consent without seeing it. Therefore, any legal argument as to what constitutes sufficient consent is misplaced and untimely at this point. Once the parties obtain the consent, they can evaluate its breadth and applicability.

Moreover, even if this were the appropriate juncture for the Court to rule on the breadth of the consent defense, Plaintiff's argument would still be unavailing as the case law does not support Plaintiff's narrow view of consent. An individual may indirectly provide a third party with consent to be called under the TCPA. *Olney v. Job.Com, Inc.*, 2014 U.S. Dist. LEXIS 60843, at *21 (E.D. Cal. May 1, 2014); *see also Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100 (C.D. Cal. 2014) (plaintiff consented to be contacted by a third party contractor regarding flight notifications when she provided her phone number to Hawaiian Airlines); *Andersen v. Harris & Harris*, 2014 U.S. Dist. LEXIS 54953, at *9 (E.D. Wisc. Apr. 21, 2014) (plaintiff consented to be called by a debt collector when he gave his phone number to a utility company).

Plaintiff's reliance on *Satterfield v. Simon & Schuster, Inc.* is misplaced given that in *Satterfield* the plaintiff consented to receive promotional material only "from Nextones or their affiliates and brands." 569 F.3d 946, 955 (9th Cir. 2009). Accordingly, the consent that Satterfield provided was worded narrowly. That may or may not be the case here and this Court will be unable to rule on the adequacy of Plaintiff's consent until it sees the precise wording. An

inspection to locate that wording is, therefore, critical.   Finally, Plaintiff's narrow view of consent has even been rejected by a case in which Plaintiff's counsel were involved. In *Greene v. DirecTV, Inc.*, 2010 WL 4628734, at \*1 (N.D. Ill. Nov. 8, 2010), the plaintiff contacted a consumer reporting agency and asked that a fraud alert be placed in her credit report, providing her cellular telephone number as the preferred manner to contact her. When someone fraudulently attempted to use the plaintiff's identity to open a DirecTV account in her name, a third party vendor for DirecTV made an automated notification call to her cell phone. *Id.* at \*1-2. The court found that the plaintiff had provided her express consent for the defendants to contact her. *Id.* at \*3.

The only case in PlattForm's motion that Plaintiff fails entirely to address is the one that is closest on point – *Benzion v. Vivant, Inc.*, a TCPA case involving the same motion, the same arguments, and the same attorneys. Def.'s Mot. at Exhibit 3. In *Benzion*, the court rejected Plaintiff's arguments and granted defendant's motion to compel a forensic inspection of plaintiff's electronic devices. *Id.* Interestingly, in another pleading before this Court, Plaintiff argued vehemently that this case is factually similar to *Benzion* and that *Benzion* should govern. Pl.'s Reply in Supp. of Mot. to Compel (Dkt. 45) at 3.  Perhaps this explains Plaintiff's silence in this instance.   Be that as it may, Plaintiff cannot escape *Benzion* or the weight of authority allowing the discovery requested here on a critical issue in the case.

### B.    The benefits of allowing the inspection greatly outweigh the burden.

Plaintiff has objected that the inspection would invade both his privacy and the attorney-client privilege. Pl.'s Resp. at 14. This argument ignores entirely that, in its proposed protocol, PlattForm has offered safeguards to preclude any invasion and to reduce any burden on Plaintiff. By proposing to have the hard drives of Plaintiff's devices imaged, PlattForm, as a courtesy,

4

sought to minimize the time that Plaintiff would be without his electronic devices. If Plaintiff has concerns regarding the imaging process, Pl.'s Resp. 8 n.3, however, the third party expert can simply examine the devices themselves. Further, the proposed protocol requires that the forensic examiner sign a confidentiality agreement and ensures that plaintiff's counsel will receive the examiner's findings *before* defense counsel to give Plaintiff's counsel the opportunity to object to the production of any materials they feel are privileged. Def.'s Mot. at 4-5.  These procedures fully address any concerns Plaintiff may have.  And Plaintiff can hardly complain of a relatively minimal burden on him in a nationwide class action he voluntarily brought seeking enormous damages where the discovery burden on PlattForm has already been far more extensive.

In contrast, the consent issue is critical to this case. PlattForm did not make the alleged call and, thus, has no way to discover the consent other than to examine Plaintiff's devices. To prohibit PlattForm from discovering such evidence would greatly prejudice its ability to defend itself in a nationwide class action seeking annihilating damages.  Accordingly, PlattForm asks that its motion to compel inspection of Plaintiff's electronic devices be granted.

Respectfully submitted,

/s/ Martin W. Jaszczuk
**Martin W. Jaszczuk**
*Admitted Pro Hac Vice*
Illinois State Bar No. 6277720
mjaszczuk@lockelord.com
**Keith L. Gibson**
*Admitted Pro Hac Vice*
Illinois State Bar No. 6237159
kgibson@lockelord.com
**LOCKE LORD LLP**
111 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0610
Facsimile: (312) 896-6610

**W. Scott Hastings**
State Bar No. 24002241
shastings@lockelord.com

**Daniel Mark Branum**
State Bar No. 24064496
dbranum@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT PLATTFORM ADVERTISING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I, Martin W. Jaszczuk, an attorney, do hereby certify that on March 6, 2015, I caused **PLATTFORM ADVERTISING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

<u>     /s/  Martin W. Jaszczuk     </u>
*One of the Attorneys for Defendant*
*PlattForm Advertising, Inc.*